MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. SARAH ANN FABER.

No. 248.

1. INSTRUCTIONS—*Law of the Case.* When no objection is made to an instruction it must be taken as the law of the case.

2. BURDEN OF PROOF—*Absence of Employees.* The burden of proof is upon the plaintiff to show that the employees were absent from their place of duty.

3. CONTRIBUTORY NEGLIGENCE—*Reasonable Use of Eyesight and Hearing.* When the jury find that if the deceased had made a reasonable use of his eyesight and hearing he could have seen the engine and car, and could have escaped injury had he discovered it in time, *held*, that this is such a finding of contributory negligence as precludes a recovery.

Error from Labette district court; J. D. McCUE, judge. Opinion filed August 18, 1898. Reversed.

*T. N. Sedgwick*, for plaintiff in error.

*G. S. King*, and *M. Byrne*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the district court of Labette county, by Sarah Ann Faber to recover from the plaintiff in error the damages sustained by her as the widow and sole heir of Mathew Faber, who was killed while working in the yards of the Missouri, Kansas & Texas Railway Company in Parsons, Kan. .

The petition of the plaintiff below, for its allegations of negligence, recites the following :

" And plaintiff further represents and avers, that on the 6th day of July, 1892, at about three o'clock in the afternoon of said day, while her said deceased husband, the said Mathew Faber, was engaged, in obedience to the orders of said defendant, in sweeping a piece of track connecting the main track of the defendant's railway and switch yard on the east side of the depot with the main tracks that run on the west side thereof, at a point about thirty feet north of the north sidewalk on the aforesaid Johnson avenue public crossing of defendant's railway tracks and switch yards at the city of Parsons aforesaid, and while he was then and there faithfully acting as and discharging the duties of such track sweeper, and without fault on his part, and through the negligence and mismanagement of the defendant, its agents, servants, and his coemployes, he was struck by a switching train of said defendant company consisting of a switch-engine and one box car, said car being known as a furniture-car, and differing from other cars in its being several feet higher and wider and largely heavier, and he was thereby thrown down on the tracks and rolled and dragged from the place where he was at work when struck to a point about eight feet south of the north sidewalk of said Johnson

avenue crossing, where he was hurled out from under the said train a distance of about six feet to the east, and by means thereof one of his hands and also one of his legs were cut off, and his breast mashed in, and he was otherwise so maimed and injured and dragged by said train, without any negligence or fault on his part, that by reason thereof he, the said Mathew Faber, was almost instantly killed, gasping once or twice, and dying in about five minutes after the infliction of the injury aforesaid and in consequence of said injury.

"And plaintiff further represents and avers, that the said injury to her said deceased husband, the said Mathew Faber, and his death therefrom, were wholly caused then and there by the negligence of the defendant, its servants and agents, and his coemployees, in the careless and negligent management of and control and operation of its cars and switching train, and said injury and death were wholly caused by said negligence of the defendant, without any fault of said deceased or any negligence on his part.

"And plaintiff further represents and avers, that the injury to said deceased and his death were wholly caused by the negligence of the defendant, its servants, agents, and his co-employes, in this, to wit: That said switching train was running at the time of said injury and death at an unusual and unlawful rate of speed through the limits of aforesaid city of Parsons, in violation of the ordinance of said city forbidding a greater rate of speed than six miles an hour within the corporate limits of said city, to wit, at a rate of speed of from ten to fifteen miles an hour; and further, in this, that the locomotive-engine of said switching train wholly omitted and neglected to ring its bell and sound its whistle at said public crossing of Johnson avenue at the time of said injury and death, as required by law and by due regard for the safety of employees, and in violation of the ordinance of the aforesaid city of Parsons requiring the bell on each locomotive-engine to be kept constantly ringing whenever the engine is moving either forward or backward within the corporate limits of said city; and further,

also, in this, that the only, men on said switching train at the time of the injury and death aforesaid were the engineer, John Bean, and fireman, whose name is to your petitioner unknown, who were in the cab of the engine, and two switchmen, whose names are to your petitioner unknown, who stood on the hind running-board, which was the south end of engine, that is, the running-board that runs along the end of the tender; that at the time of such injury and death the large furniture-car before described was being pushed southward by said switching-engine, and by which said car deceased was struck, injured, and killed, at the time and place aforesaid, negligently and carelessly as aforesaid; that defendant negligently and carelessly omitted and neglected to have a switchman placed on the front end of said furniture-car as it was being switched southward, so as to be on the lookout and to guard as much as possible against accidents; said switching train being run in a reckless and negligent manner, the entire bulk of the big furniture-car interposing between said engineer, fireman, and switchmen, and wholly obstructing and preventing any view of the track along which said car was being so rapidly and recklessly pushed and switched as aforesaid."

The defendant below answered, first, by a general denial, and second, as follows:

"*Second.* And for a second defense and further answer herein, this defendant alleges and shows to the court that the said Mathew Faber came to his death by reason of his own contributory negligence and want of care, in this: that just as said switch-engine was backing down past the said Faber, he, the said Faber, without paying any attention to the movements of the said switch-engine and car, or making any efforts to ascertain its whereabouts, stepped immediately behind the same and was thereby struck and killed; that it was the duty of the said Mathew Faber to work among tracks in the yards of defendant in the city of Parsons, Kan., and that in the line of his duty he was

but a few feet from the rail; that at the time he stepped behind said moving engine and car the same was within ten feet of him and could not be stopped before striking him by any effort that could be made by the employees of this defendant in charge of this engine and car; and that the movements of said Faber in stepping behind said engine and car were wholly unobserved by any of the employees in charge of the same."

The reply was (1) a general denial of the allegations of the answer and (2) a specific denial of the contributory negligence alleged in the answer.

The jury returned a verdict against the company in the sum of $1620, and answered the special questions submitted to them as follows:

"1. Is it not a fact that said switch-engine and car thereto attached passed the deceased, Mathew Faber, five times immediately prior to the accident which resulted in his death?" "Yes."

"2. Is it not a fact that said engine and car thereto attached came to a dead stop at a point ninety feet north of the place where said Mathew Faber was at work, immediately prior to the accident which resulted in his death?" "Yes."

"3. Is it not a fact that it started to back down upon the switch from a point ninety feet north of where he was at work, and that in doing so the said Faber was struck, knocked down, run over, and killed?" "Yes."

"4. Is it not a fact that after said switching-engine and car thereto attached had commenced backing down upon the switch by the side of which said Faber was at work, said Faber crossed from east to west side of said switch track, upon which said engine was backing down and attempted to cross from west side to east side of said switch track when he was struck by said engine?" "No."

"5. Is it not a fact that said Faber stepped on said track and attempted to cross to east side of track when he was struck by said car just as he stepped upon said track?" "No."

"6. Is it not a fact that if said Faber had remained on the west side of said switch track and had not attempted to step on said switch track he would not have been killed?" "No. We do not find from the evidence that said deceased was on the west side of said switch track immediately prior to his death."

"7. Is it not a fact that if said Faber had made reasonable use of his eyesight and hearing he would have discovered the approach of said engine and car, and have escaped said injury?" "Yes; he could have seen said engine and car and could have escaped injury had he discovered it in time."

"8. Is it not a fact that said Faber used no care whatever to protect himself?" "No."

"9. Is it not a fact that during the time said engine was passing up and down and over the switches and tracks immediately prior to the accident, said Faber was at work on the east side of the track and on the outside thereof?" "Yes."

"11. If you answer question No. 8 'No,' you may then state what effort said Faber made, if any, to avoid the injury, or what care he exercised to avoid it." "The evidence discloses the fact that said Faber was on the east and outside of said track, and that he occupied said position as a precautionary measure."

"12. Is it not a fact that the said railway company was not guilty of any negligence whatever which caused the injury and death of said Faber?" "No."

"13. If you answer the last question 'No,' you may then state what negligence or want of care on the part of the railroad company caused the injury to said Faber?" "Excessive rate of speed, and we have no evidence of the engineer and fireman being at their posts."

"14. How much, if anything, did said Mathew Faber contribute out of his earnings to the support and maintenance of his said wife each month." "$15 per month."

The serious contention of counsel for plaintiff in error is that the court erred in not rendering judgment for the defendant upon the special findings of the jury.

Railway Co. v. Faber.

In discussing this question we must accept the answers of the jury as correct and conclusive: Several of them are contrary to all the evidence, but as no objections were made to them, and as the plaintiff in error asks us to take them as established findings sufficient to sustain a judgment in its favor, we must consider all objections to them waived.

In analyzing these findings we must be able to say either that they establish the fact that the company and its employees were not guilty of negligence or that the deceased was guilty of contributory negligence, or the judgment must be affirmed. Under the pleadings and the instructions in this case, the jury could only find the company guilty of negligence in failing to have a man on the front of the furniture-car so as to warn the deceased of danger. True, the allegations of the petition charge the company with running at a rate of speed in excess of that provided for by the ordinance of said city, and with the failure to ring the bell of the engine, contrary to said ordinance; but it developed on the trial that said ordinance had been repealed, and the court gave to the jury the following instructions:

"I say to you, gentlemen of the jury, that there is no ordinance of the city of Parsons which regulates the rate of speed at which trains are to be run through that city; nor is there any ordinance of the city of Parsons which requires the ringing of a bell of a train passing through the city; and, therefore, the plaintiff having counted upon that as the specific act of negligence she must fail in that particular, and can only recover as you find the fact to be, whether the defendant was negligent in the operation of its train by not having some person upon the furniture-car to give notice of its approach."

No objections or exceptions having been taken by

the plaintiff in error, this instruction must be taken as the law by the jury in this case. In the answer to question No. 13, as to what acts of negligence the company committed which contributed to the injury, the jury answered : " Excessive rate of speed, and we have no evidence of the engineer and fireman being at their posts." The allegation of excessive rate of speed had been eliminated by the instructions of the court. The latter part of the answer cannot be charged against the company as negligence. If there was an allegation in the petition that these employees were not at their posts the plaintiff below should have established it by proof. The defendant was not required to do so ; therefore, if there was no evidence upon the subject, as the jury find, it was not the fault of the company and was no finding of negligence against it. By the instruction above quoted, the jury could only find the company guilty of negligence by its failure to have some person on the furniture-car to give notice of its approach.

The jury did not find the company guilty of the only act of negligence which the court told them they might find it guilty of, but did find it guilty of an act of negligence which the court told them they could not find it guilty of. The plaintiff below could not recover upon the finding of negligence made by the jury.

The jury find that, if the deceased had made a reasonable use of his eyesight and hearing, he could have seen the engine and car, and could have escaped injury had he discovered it in time. This is such a finding of contributory negligence as would preclude the plaintiff below from a recovery.

The judgment of the district court is reversed, and the case remanded with instructions to render judgment in favor of defendant below upon the special findings.